

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-24-00326-CV |
| IN THE INTEREST OF | § | Appeal from the |
| A.M.C.B., A.N.C.B., and G.A.B., | § | 65th Judicial District Court |
| CHILDREN. | § | of El Paso County, Texas |
| | § | (TC# 2022DCM6992) |

## <u>**MEMORANDUM OPINION**</u>

Appellant M.J.C.B. filed a notice of appeal in this termination of parental rights case on September 4, 2024, indicating the termination was "adjudicated" by the court on August 30, 2024, but not stating the date of the order appealed from. *See* Tex. R. App. P. 25.1(d)(2) (requiring the notice of appeal to "state the date of the judgment or order appealed from"); Tex. R. App. P. 26.1(b) (notice of accelerated appeal must be filed within 20 days after judgment or order is signed); Tex. R. App. P. 26.1(b) (appeal in case of termination of parental rights is accelerated).

After the district clerk confirmed that no final order had been filed, the clerk of this Court informed Appellant of the Court's intent to dismiss this appeal pursuant to Texas Rule of Appellate Procedure 42.3(c), unless by September 16, 2024, Appellant filed an amended notice of appeal that complied with Texas Rule of Appellate Procedure 25.1(d). *See* Tex. R. App. P. 44.3 ("A court

of appeals must not . . . dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."); Tex. R. App. P. 42.3(c) (dismissal for failure "to comply with . . . a notice from the clerk requiring a response or action within a specified time").

To date, Appellant has not filed an amended notice of appeal. Additionally, the district clerk has confirmed that as of this date, no final order has been filed. Accordingly, we dismiss this appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). This dismissal is without prejudice to Appellant's right to timely file a notice of appeal in accordance with the applicable Texas Rules of Appellate Procedure. *See Interest of A.C.T.M.*, 682 S.W.3d 234, 237 n.4 (Tex. 2023) (indicating that where a mother's subsequent appeal of an order terminating her parental rights was an attempt to cure the no-final-order defect the court of appeals recognized in her first dismissal, "[h]er attempt was made in good faith and should be given effect").


LISA J. SOTO, Justice

September 26, 2024

Before Alley, C.J., Palafox and Soto, J.J.